IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENNETH LEE WEINBERG,

    Plaintiff,

vs.                                  CASE NO.: 4:09-CV-256-RS/WCS

SERGEANT LEE, et al.,

    Defendants.
_____/

**DEFENDANTS LEE, MORENO AND ROGERS' RESPONSE
TO PLAINTIFF'S MOTION OBJECTING TO THIS COURT'S
ORDER AND REQUESTING STAY OF DISCOVERY DEADLINE**

    COME NOW Defendants ED LEE, LUIS MORENO and PAXTON ROGERS, through undersigned counsel, and pursuant to this Court's order entered August 19, 2010 (Doc. 31), respond to Plaintiff's motion to extend the discovery deadline in this case (Doc. 30). Defendants object to this Court's granting Plaintiff's motion and as grounds therefor state:

    1.    Plaintiff previously filed a motion dated June 8, 2010, requesting an emergency stay of the discovery deadline in this case (Doc. 21).

    2.    On July 2, 2010, this Court denied Plaintiff's motion citing N.D. Fla. Loc.R. 6.1 which provides "no extension of the discovery period will be granted except for good cause and upon showing of diligence during the initial discovery period." This Court recognized the Plaintiff had not shown due diligence in the discovery period in this case which began in late March, 2010. Accordingly, Plaintiff's motion was denied (Doc. 24).

    3.    On July 22, 2010, Plaintiff filed a motion objecting to the Court's order (Doc. 30). The Court considered Plaintiff's motion to be a motion for reconsideration and entered its order on

August 19, 2010, requiring Defendants to respond to Plaintiff's motion by August 31, 2010 (Doc. 31).

4. The discovery deadline in this case was June 23, 2010. Any discovery Plaintiff wished to propound to these defendants should have been submitted not later than May 21, 2010 to allow Defendants thirty days in which to respond, including three days for U.S. Mail.

5. On June 21, 2010, Plaintiff propounded interrogatories and requests for production of documents to each Defendant.

6. Plaintiff's untimely discovery requests were returned to him by undersigned counsel (Doc. 30, Exhibit 1).

7. Plaintiff claims that on May 18, 2010, he was locked in confinement and that he has been denied legal documents relating to this case, including interrogatories and requests for production of documents. Plaintiff claims that he submitted informal and formal grievances to obtain the discovery he intended to propound to Defendants. The only grievance attached to Plaintiff's motion is an "emergency grievance" dated July 1, 2010, after the discovery deadline.

8. As explained in Exhibit 1 to Doc. 30, on May 28, 2010, undersigned counsel forwarded to Plaintiff responses by Defendants Lee, Moreno and Rogers to Plaintiff's requests for admissions that were timely propounded. The correspondence explained that the responses provided Plaintiff with much of the information he sought in the untimely discovery requests.

9. Plaintiff provides this Court with no explanation as to why he was able to timely propound requests for admissions to Defendants in this case, but was somehow unable to timely propound interrogatories and requests for production of documents.

10. Plaintiff's "interrogatories" improperly include requests for production of documents.

The interrogatories and requests for production of documents should have been propounded separately. See Rules 33 and 34, Fed.R.Civ.P.  Additionally, Plaintiff has failed to demonstrate that he has the financial resources to pay for production of any documents in this case.

11. Plaintiff has failed to demonstrate that his areas of confinement in the Florida Department of Corrections have prevented him from timely conducting discovery in this case.

12. Plaintiff's confinement did not prevent him from filing responses to Defendants' pending Motions for Summary Judgment in Case No. 4:08cv480-MP/WCS (Doc. 61) filed 8/4/10 and Case No.: 4:09cv202-RH/WCS (Doc. 38) filed 8/5/10.

13. Defendants include in this response their specific objections to Plaintiff's untimely discovery requests as follows:

### Defendant Lee Moreno, Plaintiff's Interrogatories 1-12

Plaintiff has been provided with responses to Plaintiff's interrogatories 1-5, either through Defendant Moreno's responses to Plaintiff's requests for admissions, or through Defendant Moreno's affidavit filed in support of his pending motion for summary judgment.  Plaintiff's interrogatories 6-11 call for either legal conclusions or address policy issues at the Leon County Jail that are not properly addressed to Lee Moreno.  Mr. Moreno is not a policy maker at the Leon County Jail.  He is an employee of the Leon County Sheriff's Office who works as a paralegal in the Leon County Jail.

### Defendant Ed Lee, Plaintiff's Interrogatories 1-21

Plaintiff has been provided with responses to interrogatories 1-15, either through Defendant Lee's response to Plaintiff's request for admissions or Defendant Lee's affidavit filed in support of his motion for summary judgment.

Interrogatory No. 16 addresses a policy issue which is improperly propounded to Defendant Lee. Interrogatories 7-21 address the areas in which Plaintiff was confined in the Leon County Jail. Defendant Lee's affidavit filed in support of his motion for summary judgment specifically explains that he had no involvement of any nature in any decisions made with respect to where Plaintiff was housed during his incarceration in the Leon County Jail.

### Defendant Paxton Rogers, Plaintiff's Interrogatories No. 1-7

Defendant Rogers has provided Plaintiff with responses to Plaintiff's interrogatories 1-7 in Lt. Roger's response to Plaintiff's request for admissions as well as Defendant Roger's affidavit filed in support of his motion for summary judgment.

14. Plaintiff wholly failed to timely propound discovery to Defendants in this case and has failed to provide an adequate explanation as to why he failed to do so. Additionally, the requested information has previously been provided to Plaintiff in this case.

15. Defendants Lee, Moreno and Rogers have no further information or documentation to provide to Plaintiff.

Plaintiff's motion should be denied.

Respectfully submitted this 31st day of August, 2010.

    /s/ Barbara C. Fromm
BARBARA C. FROMM
Florida Bar No. 894273
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
(850) 422-0282
Fax: (850) 422-1913

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was furnished by U.S. Certified Mail to:

Kenneth Lee Weinberg, DC# N15139
Jackson Correctional Institution
5563 10th St.
Malone, FL 32445

this 31st day of August, 2010.

                                                       */s/ Barbara C. Fromm*
                                                       BARBARA C. FROMM